IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MATTHEW RUTLEDGE, § | |
| § | |
| Movant, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00121-O |
| § | (Criminal No. 4:15-cr-151-O(20)) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Before the Court is the motion of Matthew Rutledge ("Rutledge or "Movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion (ECF No. 1), the government's motion to dismiss (ECF No. 9), movant's response thereto (ECF No. 10), the record, including the record in the underlying criminal case, No. 4:15-cr-151-O(20), and applicable authorities, finds that the motion should be dismissed as untimely.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On September 16, 2015, Rutledge pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. *United States v. Rutledge*, No. 4:15-cr-151-O(20), ECF No. 383. In the factual resume, Rutledge stipulated that he "distributed quantities of methamphetamine to others named in the indictment," and "[i]n this manner, he conspired with others to possess with intent to distribute more than 50 grams of methamphetamine." *Id.*, Factual Resume 2, ECF No. 368. On January 11, 2016, the Court adopted

1

the PSR's finding that Rutledge was accountable for 57,411.6 grams of methamphetamine and sentenced him to 324 months' imprisonment followed by a four-year term of supervised release. *Id.*, PSR ¶ 37, ECF No. 631; J. 3-4, ECF No. 938.

Rutledge appealed this Court's drug-quantity determination. *United States v. Rutledge*, 669 F. App'x 265 (5th Cir. 2016). On October 11, 2016, the Fifth Circuit rejected Rutledge's challenge and affirmed. *See id.* The Supreme Court denied Rutledge's petition for writ of certiorari on February 21, 2017, and Rutledge's criminal judgment became final. *Rutledge v. United States*, 137 S. Ct. 1119 (2017); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that a federal judgment becomes final when the Supreme Court denies a petition for writ of certiorari).

In the Government's motion to dismiss, it contends that based on this record, Rutledge missed the one-year filing deadline by almost two years and, therefore, his Section 2255 motion must be dismissed as untimely. For the reasons that follow, the Court agrees that Rutledge's Section 2255 Motion must be dismissed as untimely.

## II.  GROUND OF THE MOTION

Rutledge contends that the Court violated his due process rights and right to trial by a jury by making factual findings, by a preponderance of the evidence, to increase his sentence. Mot. 16, ECF No. 1. He further asserts that 18 U.S.C. § 3661—which provides that there is no limit on the information that a district court may consider in imposing a sentence—is ambiguous as to a defendant's right to a jury trial. *Id.* at 22. He argues that stare decisis prevented him from making these arguments before June 2019, when the Court decided *United States v. Haymond*, 139 S. Ct. 2369 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019). *See id.* at 15, 22.[1]

---

[1] As the Government correctly notes in its motion to dismiss, Rutledge cites several other Supreme Court cases, but none of those cases were decided after his one-year limitations period expired on February 21,

**III. TIMELINESS OF THE MOTION**

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). A federal prisoner has limited grounds for collateral review under 28 U.S.C. § 2255, generally based on errors of constitutional magnitude that could not have been raised on appeal. *See* 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, Rutledge's conviction became final on February 21, 2017, when the Supreme Court denied his petition for certiorari. *Rutledge*, 137 S. Ct. at 1119; *see also Gonzalez*, 565 U.S. at 149. He, therefore, had until February 21, 2018, to comply with the one-year limitations period in

---

2018. *See* 28 U.S.C. § 2255(f). Accordingly, the Court will not consider those cases.

3

subsection (f)(1). Rutledge mailed the present motion on February 2, 2020, a date almost two years after the expiration of the one-year limitations period in subsection (f)(1). *See* Mot. 28, ECF No. 1.

Although Rutledge references § 2255(f)(2) and (f)(4) to contend that his motion is timely (*see* Mot., ECF No. 1), the Court concludes he does not assert any grounds for timeliness under the plain language of § 2255(f)(2) or (4). His motion, however, was filed within a year of the Supreme Court's decisions in *United States v. Haymond*, ⸺ U.S. ⸺, 139 S. Ct. 2369 (2019) and *United States v. Davis*, ⸺ U.S. ⸺, 139 S. Ct. 2319 (2019).[2] Accordingly, Rutledge's motion would be timely under § 2255(f)(3) if *Haymond* or *Davis* recognizes a right that entitles him to relief from his conviction or sentence. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (Subsection (f)(3) provides that when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the Supreme Court's] decision within which to file his § 2255 motion.").

The Court rejects Rutledge's argument that his motion is timely based on the Supreme Court's decision in <u>*Haymond*</u>, a case in which the Supreme Court held in a split decision that 18 U.S.C. § 3583(k)—which imposes a mandatory minimum sentence on certain sex offenders who violate their supervised release—violates the Fifth and Sixth Amendment. 139 S. Ct. at 2369. First, the Court agrees with a recent decision from another district court in the Fifth Circuit holding that "*Haymond* did not announce a new rule or recognize a new right." *Guerrero v. United States*, No. 1:20-CV-00002, 2021 WL 124329, at *2 (S.D. Tex. Jan. 13, 2021). Alternatively, because

---

[2] The Fifth Circuit subsequently determined that *Davis* is retroactive to cases on collateral review. *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019).

Rutledge was convicted solely of conspiracy to possess with intent to distribute methamphetamine and sentenced for that offense, *Haymond* does not apply to him.

The holding in *Davis* arises from *Johnson v. United States*, 576 U.S. 591 (2015) in which the Court addressed the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). That clause defined a "violent felony" as one that involved a "serious potential risk of physical injury to another." *Id.* The Court in *Johnson* struck down the clause as unconstitutionally vague, then extended the holding in *Sessions v. Dimaya*, —— U.S. ——, 138 S. Ct. 1204 (2018), to the definition of a "crime of violence" under the residual clause of 18 U.S.C. § 16. In *Davis*, the Supreme Court found that § 924(c)(3)(B)'s residual clause's definition of a crime of violence was likewise unconstitutionally vague. Accordingly, a defendant may only be convicted under § 924(c) if the government shows that he used a firearm during a "crime of violence" as defined under the elements clause at § 924(c)(3)(A). *Davis*, 139 S. Ct. at 2324.

In its motion to dismiss, the Government argues that "*Davis* does not apply to Rutledge because he was convicted under 21 U.S.C. § 846, not Section 924(c)." Gov't's Mot. 7, ECF No. 9. The Court agrees. Rutledge fails to provide any non-frivolous argument for why *Davis* applies to his conviction. Accordingly, *Davis* did not recognize a right calling into question Rutledge's conviction or sentence.

Accordingly, the Court concludes that the limitations period runs under § 2255(f)(1), and this matter is plainly time-barred and substantively without merit.

Finally, even though movant does not appear to allege equitable tolling, the Court notes that it would not apply here. The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In this case, movant has not alleged any facts that would support equitable tolling. He has not shown that he was diligently pursuing his rights and that some extraordinary circumstance prevented the timely filing of his motion.

**IV.   CERTIFICATE OF APPEALABILITY**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed, R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Rutledge has not made a showing that reasonable jurists would question this Court's rulings and **DENIES** a certificate of appealability for the reasons stated in this Order.

## V. CONCLUSION

For the reasons discussed herein, Rutledge's Section 2255 Motion is **DISMISSED AS UNTIMELY**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**. Pursuant to Federal Rule of Civil Procedure 58(a), a final judgment shall issue separately.

**SO ORDERED** on this 12th day of February, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE